UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV234-EHJ

WILLIAM CRAWFORD                                                               PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon the defendant Commissioner's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the case should be remanded for further proceedings.

Mr. Crawford filed an application for disability insurance benefits and supplemental security income benefits on November 1, 2002 alleging that he became disabled on September 25, 2002 as a result of sleep apnea. Mr. Crawford's educational records indicate that he dropped out of school on his third attempt to complete the 7th grade (Tr. 148), and that he was forty years old on the date of the ALJ's Decision (Tr. 43). Because the medical records were scant at the time of the hearing, Administrative Law Judge Peter Davenport ("ALJ") held the record open for both a psychological evaluation and a physical evaluation (Tr. 71). The ALJ rendered an unfavorable Decision on December 4, 2003, from which the claimant appealed. The magistrate recommendation is that this case be remanded to the Commissioner for further consideration, as the ALJ improperly applied the grid to deny benefits without properly taking into consideration the post-hearing evidence from Dr. Lusco and Dr. Amble (summarized as follows).

At the request of the Commissioner, a psychological evaluation (Tr. 206) conducted by Dr. Amble resulted in a diagnosis of borderline intellectual functioning, and findings that Mr. Crawford has poor or no useful ability to act in an emotionally stable manner (Tr. 214). The Commissioner's physical assessment was conducted by Dr. Vincent Lusco III, which included pulmonary function studies (Tr. 194). Dr. Lusco diagnosed Mr. Crawford with emphysema, noting that even post-bronchial dilation the FVC and FEV1 readings were at 65% and 59% of predicted values. Dr. Lusco noted the need for Mr. Crawford to cease smoking to prevent his emphysema from worsening, and assigned physical limitations of lifting and carrying no more than 20 pounds, standing/walking no more than two hours in an eight-hour day, and never engaging in postural activities of climing, balancing, kneeling, crouching, crawling and stooping, and that he must avoid exposure to dust, fumes, odors, chemicals, and gases (Tr. 197-200). Thus, Dr. Lusco assigned both exertional and non-exertional limitations, and Dr. Amble assigned non-exertional limitations. However, the ALJ failed to identify a substantial basis for rejecting these limitations as identified by the Commissioner's own evaluating physicians.

The Commissioner objects to the magistrate's recommendation that this case be remanded for further consideration of the opinions of Dr. Lusco and Dr. Amble on the basis that the ALJ was not bound by their conclusions, and there exists substantial evidence of record to refute their conclusions. This case was denied at the fifth step in the sequential evaluation process upon the application of Grid Rule 204.00 as a "framework for decision-making." The ALJ offered no substantial basis for rejecting the exertional and non-exertional limitations identified by Drs. Lusco and Dr. Amble, nor did he have an additional hearing in which to obtain additional vocational testimony. Under these circumstances, the Court finds that remand is appropriate.

The magistrate's report is thus adopted in its entirety and this case is remanded for further evaluation of the assessments of Dr. Lusco and Dr. Amble under 20 C.F.R. §§ 404.1527(d)(2) through (d)(6), for supplemental vocational testimony, and if necessary for issuance of a new decision.